## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS D. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 5470 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas D. Evans has sued his former employer, the United States Postal Service ("USPS"), alleging that he was unlawfully discharged in breach of a collective bargaining agreement ("CBA") and in violation of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. USPS has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (R. 9-1.) For the reasons set forth below, the Court grants USPS's motion.

## FACTS[1]

Evans joined USPS as a mail handler on September 26, 1996, and remained in that position until he was discharged on July 15, 2003. (R. 1, Compl. ¶ 5.) The purported reason for Evans's discharge was that he was absent without leave ("A.W.O.L.") from USPS's Chicago Bulk Mail Center from May 30, 2003 until the date of his discharge. (*Id.* ¶ 11.) As a mail handler, Evans's employment was subject to the CBA between USPS and the National Postal Mail Handlers Union ("the Union"). (*Id.* ¶ 6.) The CBA established a discipline procedure as

---

[1] The facts recited here are taken from Evans's complaint, which the Court accepts as true for purposes of this motion to dismiss. *Dawson v. Newman*, 419 F.3d 656, 658 (7th Cir. 2005).

well as a grievance-arbitration procedure. (*Id.* ¶¶ 8, 10.) If a grievance remained unsettled at the

end of the grievance procedure, the CBA allowed the Union to appeal it to arbitration. (*Id.*, Ex.

A, CBA ¶ 15.2 (Step 4).) The arbitrator's decision was then final and binding on both parties.

(*Id.* Compl. ¶ 15.4A6.)

Evans—believing he was not in A.W.O.L. leave status—protested his discharge to the

Union. (*Id.*, Compl. ¶¶ 12, 14.) The Union then filed a grievance on Evans's behalf. (*Id.* ¶ 14.)

On November 27, 2004, an arbitrator issued an opinion denying Evans's grievance and

upholding his termination. (*Id.* ¶ 15.) Still believing he was discharged without just cause,

Evans filed the current lawsuit.

## LEGAL STANDARDS[2]

Rule 12(b)(6) permits the Court to dismiss a complaint for failure to state a claim upon

which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), the Court

must accept the complaint's well-pleaded factual allegations as true and draw reasonable

inferences from those allegations in the plaintiff's favor. *Kyle v. Morton High Sch.*, 144 F.3d

448, 450 (7th Cir. 1998). The Court will grant a motion to dismiss only when "it appears beyond

---

[2]Because the Court grants USPS's motion pursuant to Rule 12(b)(6), we need not address the Rule 12(b)(1) standard.

> This is not, strictly speaking, a problem of subject matter jurisdiction in the sense of the federal court's competence under Article III. It is instead a question about the prerequisites that the plaintiffs must satisfy to obtain relief . . . . A standard rule in considering jurisdictional challenges is that when the court's jurisdiction and the claim for relief are predicated on the same federal statute but the basis for relief is subsequently found to be inapplicable, the district court should not dismiss the case under Rule 12(b)(1), but rather proceed as if jurisdiction exists and determine the merits of the claim under Rule 12(b)(6).

*Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001) (internal citations omitted).

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003). *cert. denied*, 541 U.S. 989 (2004) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they 'could be proved consistent with the allegations.'" *Dausch v. Rykse*, 52 F.3d 1425, 1428 n.3 (7th Cir. 1994) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ANALYSIS

USPS argues that Evans's suit for breach of the CBA is a hybrid suit which must be dismissed because Evans has failed to name the Union as a defendant and has failed to allege sufficient facts to prove the Union breached its duty of fair representation in handling Evans's grievance. Specifically, USPS argues that in light of the binding arbitration finding, this suit is a hybrid action which can only succeed if Evans has a meritorious claim against both USPS and the union. In contrast, Evans argues that the Union is not a necessary party because this suit is a straightforward breach of contract claim.

Section 301 of the LMRA provides a federal remedy for violations of collective bargaining agreements. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 561 (1976). It states:

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). An individual employee may bring suit against his employer for breach of a

collective bargaining agreement under this section regardless of whether the employee sues the employer, the union, or both. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).

To state a claim under Section 301, employees who have exhausted the mandatory remedies provided under collective-bargaining agreements and who have received a final decision under the contract's terms must allege that the decision is tainted by the union's bad faith if they wish to bring suit against their employer. *Huffman v. Westinghouse Elec. Corp.*, 752 F.2d 1221, 1223 (7th Cir. 1985). "When an employer and a union are parties to a collective bargaining agreement which contains procedures for resolving employment disputes," in order to maintain an actionable Section 301 claim against the employer, "an employee must establish that the union breached its duty of fair representation[.]" *Filippo v. N. Ind. Pub. Serv. Corp.*, 141 F.3d 744, 748 (7th Cir. 1998). Thus, proof of the union's failure to fairly represent the plaintiff serves as an indispensable predicate or condition precedent to an employee's Section 301 suit against an employer. *Thomas v. United Parcel Serv., Inc.*, 890 F.2d 909, 915 (7th Cir. 1989).

Before proceeding in federal court, Evans, as required, exhausted the grievance and arbitration remedies provided in the CBA and received what he considered an unfavorable outcome denying his reinstatement. Parties are bound by whatever grievance remedies they negotiate, *Huffman*, 752 F.2d at 1225 (*citing General Drivers Union v. Riss*, 372 U.S. 517, 519 (1963)), and—subject to very limited judicial review—will be bound by the result according to the finality provisions of the agreement, *DelCostello*, 462 U.S. at 163-64. Therefore, Evans's claim is barred by the final adverse determination of his claim under the contractual grievance procedure he bargained for unless he shows that the Union violated its duty of fair representation or that the arbitration was a sham, substantially inadequate, or unavailable. *See Hines*, 424 U.S.

4

at 570. Here, Evans has not alleged any of these justifications for judicial review. Evans's complaint contains no reference to the Union's conduct in processing his claim. He alleges no claims against the Union for breach of the duty of fair representation, nor does he allege the grievance process was subverted in some manner. In fact, Evans specifically states in his response to this motion that "the facts in Evans' complaint do not raise questions as to the propriety of the mail handlers union's behavior in handling his grievance[.]" (R. 15, Pl.'s Resp. at 7.)

The parties spend a great deal of their argument discussing whether Evans' suit is a straightforward or hybrid claim. Even if the Court accepted Evans's characterization of this suit as a straightforward breach of contract claim it should be dismissed because he is simply relitigating the same issue that was already decided by the arbitrator. "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960). Here, USPS and the Union on Evans's behalf stipulated to the arbitrator's jurisdiction and authority to hear the case and issue a final and binding decision. (R. 1, Compl., Ex. B. at 2.) The issue before the panel was whether "[USPS had] just cause for the [r]emoval of [Evans] on July 15, 2003, in accordance with the provisions of Article 16 of the National Agreement[.]" *Id.* The arbitrator found that USPS had just cause. *Id.* at 21. "With few exceptions, as long as the arbitrator does not exceed [his] delegated authority, [his] award will be enforced. *Butler Mfg. Co. v. United Steelworkers of Am.*, 336 F.3d 629, 632 (7th Cir. 2003).

The result here would be no different if the suit, as USPS argues, is a hybrid claim. A hybrid claim requires Evans to allege sufficient facts to prove the union breached its duty of fair representation. *See DelCostello*, 462 U.S. at 165. Evans has not done so here. Therefore, the Court's classification of the claim is irrelevant for purposes of this motion because under either category Evans's claim must be dismissed.

## CONCLUSION

For the reasons set forth above, this Court grants USPS's motion to dismiss. (R. 9-1.)

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: April 4, 2006